UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED SINCLAIR,

       Plaintiff,                              Case No. 04-70670

v.                                         District Judge Gerald E. Rosen
                                              Magistrate Judge R. Steven Whalen

CITY OF BIRMINGHAM, et al.,

       Defendant.
_____/

**ORDER CONSTRUING MOTION FOR AUTHENTICATION AS A
MOTION TO FILE EXHIBIT, AND GRANTING THE SAME**

     Before the Court is Plaintiff's Motion for Authentication of Transcripts for Evidence [Docket #27], in which Plaintiff seeks to enter into evidence the transcript of his state preliminary examination in 48th District Court (Bloomfield Hills, Michigan), pursuant to Fed.R.Civ.P. 44. Defendant Officer Husted was the only witness at the state proceeding.

     Rule 44 provides for authentication of public records and certified copies thereof, specifically "official record[s] kept within the United States, or any state, district, or commonwealth...," where such record is itself "admissible for any purpose." Without deciding whether the Plaintiff's preliminary examination transcript would be admissible at

trial under the Federal Rules of Evidence,[1] it would not be inappropriate to consider the transcript as an exhibit in conjunction with motions to dismiss and/or for summary judgment.[2]  The Defendants' response that Rule 44 is inapplicable is well taken, but given that Plaintiff is a *pro se* prison inmate, unschooled in the law, it appears that the purpose for which the transcript is offered may be in conjunction with dispositive motions.

Accordingly, Plaintiff's Motion for Authentication [Docket #27] will be construed as a motion to file an exhibit, and will be granted only to the extent that the preliminary examination transcript may be considered in support of or in opposition to dispositive pretrial motions.

SO ORDERED.

                                       S/R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE

Dated:  September 28, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys

---

[1] The transcript of Defendant Husted's testimony would ordinarily be considered inadmissible hearsay, unless Husted were unavailable as a witness within the meaning of F.R.E. 804(a), in which case the transcript *might* be admissible as a hearsay exception under F.R.E. 804(b)(1).  However, Husted is not at the present time unavailable, and the Court need not address this issue now.

[2] On September 1, 2005, I filed a Report and Recommendation (R&R) recommending that Defendants' motion to dismiss be granted.  All assertions of fact contained in Plaintiff's preliminary examination transcript were fully considered in that R&R.

and/or parties of record by electronic means or U.S. Mail on September 28, 2005.

                                          S/Gina Wilson
                                          Judicial Assistant